UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM OZTURK,<br><br>            Petitioner,<br><br>    v.<br><br>TODD M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; CHRISTOPHER CHESTNUT, in his official capacity as Warden/Facility Director of Golden State Annex; Secretary of Homeland Security; Attorney General of the United States,<br><br>            Respondents. | Case No.  1:26-cv-03484  (VC)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING IBRAHIM OZTURK'S RELEASE (A251-135-997) FROM DETENTION**<br><br>Re: Dkt. Nos. 1, 2, 10 |

Petitioner Ibrahim Ozturk ("Petitioner") was arrested by U.S. Immigration and Customs Enforcement ("ICE"), a division of the Department of Homeland Security ("DHS"), on March 16, 2026. He filed this petition for a writ of habeas corpus and motion for a temporary restraining order arguing that his detention violated his due process rights under the Fifth Amendment, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA"). *See* Dkt. No. 1 ("Pet."). Respondents filed an opposition to Petitioner's motion for a temporary restraining order, and concurrently moved to dismiss the petition, Dkt. No. 10 ("Opp."), and Petitioner filed a traverse. For the reasons that follow, the Respondent's motion to dismiss is DENIED, and the Petition is GRANTED.

I.      **BACKGROUND**

Petitioner crossed the Southern border into the United States on April 5, 2023, and promptly turned himself in to Customs and Border Protection Officers. Pet. ¶ 1. He was released

by DHS on his own recognizance and placed into removal proceedings on April 11, 2023. *Id*. Following his release, Petitioner filed an application for asylum and was granted a work authorization by USCIS. *Id*. ¶ 4; Dkt. 1-1, Exs. C. Based on the record before the Court, those removal proceedings appear to be ongoing and no final order of removal has been issued.

Despite his prior release into the United States, on March 16, 2026, ICE re-detained Petitioner following a routine traffic stop. Pet. ¶ 1. Since his arrest, Petitioner has been transferred to several detention facilities. *Id*. ¶ 8. He is currently detained at Golden State Annex in McFarland, California. *Id*. ¶ 6.

Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order, Dkt. 2 ("TRO"), challenging his continued detainment and Respondents' failure to provide him with a bond hearing. The Court issued a briefing schedule and informed the parties that it intended to rule directly on the petition. Dkt. 4. Respondents opposed the motion for a temporary restraining order and concurrently moved to dismiss the petition, but indicated in their motion that they did not oppose the Court ruling directly on the petition. Opp. at 1.

## II.    DISCUSSION

Petitioner asserts eleven claims for relief, including that Respondents' failure to maintain coherent records of his detention is unconstitutional and undermines the legal basis of his custody (counts 2, 3), that his prolonged detention, and Respondents' indifference to his medical needs, violates his substantive due process rights (counts 1, 5), that his detention is arbitrary and factually unsupported, causing him irreparable harm (counts 4, 6, 8, 9), that his detention violates the INA and the APA (counts 10, 11), and that his re-detention without a hearing violates the Due Process Clause of the Fifth Amendment (count 7). Because Petitioner's Due Process Clause claim (count 7) affords Petitioner all the relief to which he is entitled—namely, release and a pre-deprivation hearing prior to re-detention—the Court need not and does not reach Petitioner's remaining claims.

### A.    8. U.S.C. § 1226(a) Applies to Petitioner

Before turning to the Petitioner's due process claim, the Court notes that the parties

dispute which statutory detention authority applies to Petitioner. Petitioner argues that, if Respondents believed he was subject to re-detention, they were required to proceed under 8 U.S.C. § 1226(a) ("Section 1226"), Pet. ¶¶ 23–33; Respondents assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b) ("Section 1225"). Opp. at 2.

Petitioner is correct. While Section 1225 "authorizes the Government to detain certain aliens *seeking admission into the country*," Section 1226 "authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis added). The record confirms that immigration authorities already determined that Section 1226 applies to Petitioner when, "[p]ursuant to the authority contained in section 236 [i.e., Section 1226]" they released Petitioner on his own recognizance "pending a final administrative determination" in his removal case. Dkt. 1-1, Ex. A. Courts throughout this Circuit have similarly found that where a noncitizen has been previously released on his own recognizance pursuant to Section 1226, the government may not reverse course and re-detain the noncitizen under Section 1225.[1] *See, e.g.*, *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263, at *6 (N.D. Cal. Aug. 21, 2025) (once the government "elect[s] to proceed ... under § 1226, [it] cannot [ ] reverse course and institute § 1225 ... proceedings."); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *11 (E.D. Cal. Oct. 9, 2025); *Bautista Pico v. Noem*, No. 25-CV-08002-JST, 2025 WL 3295382, *2–3 (N.D. Cal. Nov. 26, 2025) (collecting cases); *Sharan S. v. Chestnut*, No. 1:25-CV-01427-KES-SKO (HC), 2025 WL 3167826, at * 8–9 (E.D. Cal. Nov. 12, 2025); *Singh*

---

[1] In its Opposition, the Government also argues that the Court should "hold the matter in abeyance pending the Ninth Circuit's resolution of" *Rodriguez v. Bostock*, No. 25-6842 (9th Circ.). Oral argument was held on March 4, 2026 and the parties requested an expedited opinion. Opp. at 2. The Court, however, declines to stay this matter. It is uncertain when the Ninth Circuit will issue an opinion, and even if it does issue one shortly, the ruling may not resolve the issues here. *Rodriguez v. Bostock* partially concerns the application of Section 1225 versus Section 1226 to noncitizens who entered the United States without inspection and were not apprehended at or near the border. 802 F. Supp. 3d 1297, 1322-1334 (W.D. Wash. 2025). Petitioner does not fall into that category as he *was* detained at the border and then released on his own recognizance by immigration authorities. *See* Opp., Ex. 3.

*v. Noem*, No. 26-CV-0932-GPC-MMP, 2026 WL 468159, at *2 (S.D. Cal. Feb. 18, 2026).

The Court next analyzes Petitioner's due process claim. Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

### B.    Petitioner's Protected Liberty Interest

Petitioner argues that his release from immigration custody by the affirmative act of the Government pursuant to 8 U.S.C. § 1226 on April 11, 2023, and then the three years of freedom that followed, gave rise to a protected liberty interest. *See* Pet. ¶ 28. The Court agrees.

The regulations that authorize immigration authorities to release a noncitizen on his own recognizance require that the noncitizen "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons" and that the noncitizen is "likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). "Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). "Thus, DHS may generally not re-arrest a previously released noncitizen absent a change in circumstances." *Singh*, 2026 WL 468159, at * 2 (internal quotation omitted).

The record before the Court indicates that immigration authorities determined that Petitioner was neither a flight risk nor dangerous when they chose to release him into the United States three years ago. The DHS record documenting Petitioner's release explains that the immigration officers determined he did "not appear to be a threat to national security, or public safety" and that his "release was authorized through proper channels." Dkt. 10-1, Ex. 1 at 4. Since then, Petitioner has developed ties in the community—he has a girlfriend whom he financially supports, he obtained work authorization, and timely applied for asylum. Pet. ¶¶ 4,

20. Further, Petitioner maintains that he has a clean criminal record. TRO at 10. Respondents do not rebut any of these facts in their Opposition, and point to no new facts indicating that there is a change in circumstances warranting re-detainment. *See* Opp. 1-2.

As such, the Government's election to "release Petitioner under § 1226(a) provided Petitioner with a liberty interest that is protected by the Due Process Clause." *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2026 WL 1162724, at *4 (N.D. Cal. Apr. 29, 2026); *see also Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [the noncitizen] have a liberty interest in remaining out of custody on bond."); *Pinchi v. Noem*, 792 F.Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."); *He v. Lyons*, No. 25-cv-10639-JSC, 2026 WL 280074, at *3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond."); *Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-cv-05259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest). Because Petitioner was released from DHS custody on his own recognizance in 2023, he maintains a protected liberty interest in remaining out of custody.

### C.      Procedural Due Process

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of

additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for the past 3 years. Since then, he has obtained work authorization and financially supports his girlfriend. "[His] detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the Petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas*, 533 U.S. at 690; *Padilla v. U.S. Immigr. & Customs Env't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023); *Sharan S. v. Chestnut*, No. 1:25-CV-01427-KES-SKO (HC), 2025 WL 3167826 (E.D. Cal. Nov. 12, 2025) ("Under section 1226(a), petitioner would be entitled to a bond hearing, and any custody redetermination would have to be based on whether petitioner is 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk.'") (quoting *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). The record before the Court indicates that Petitioner has no criminal history and has complied with all terms of his release. Respondents do not raise any facts to the contrary in opposition. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

The final *Mathews* factor also weighs in Petitioner's favor. Although the government has a strong interest in enforcing the immigration laws, the government's interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court,

custody hearings are routine and impose a "minimal" cost. *Doe*, 2025 WL 691664, at \*6. "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." *Ortega*, 415 F. Supp. 3d at 970.

## III.    CONCLUSION AND ORDER

Accordingly, the Petition is GRANTED. IT IS HEREBY ORDERED that:

1.    Respondents immediately release Petitioner Ibrahim Ozturk (A251-135-997) from their custody.

2.    Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation and/or custody hearing.

3.    If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4.    The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.


**IT IS SO ORDERED.**

Dated: May 14, 2026

_____

Vince Chhabria
United States District Judge

7